FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 20, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANDREA LEE CAMPOS-HERNANDEZ,<br><br>Defendant. | No. 2:24-CR-00082-TOR-1<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE<br><br>**MOTION GRANTED IN PART AND DENIED IN PART**<br>**(ECF No. 27)** |

On August 1, 2024, the Court held a detention review hearing to consider Defendant ANDREA LEE CAMPOS-HERNANDEZ's Motion to Modify Conditions of Release, **ECF No. 27**. Defendant appeared out of custody with Assistant Federal Defenders Lorinda Youngcourt and Amy Rubin. Assistant U.S. Attorney Ann Wick represented the United States. U.S. Probation Officer Chris Heinen was also present.

Specifically, Defendant seeks to: 1) modify her conditions of release and permit Defendant to have communication with her parents and family members; 2) clarify the previously imposed alcohol prohibition. The United States opposes Defendant's motion and U.S. Probation recommends against Defendant's proposed modifications of her release conditions.

Defendant, through counsel, made factual proffers pertaining to their request to modify release conditions. Defendant noted that no restrictions were placed on Defendant's contact with her parents when this matter was pending only in state

ORDER - 1

court. Defendant also requested clarification that Defendant's "no alcohol" condition permitted others in her residence to possess and consume alcohol.

The United States made proffers regarding the Government's opposition to Defendant's motion. In particular, the Government contended that with regard to contact with potential witnesses, including Defendant's family members, the prohibition on contact is mandatory pursuant to 18 U.S.C. § 3142(c)(1)(B)(iv), (v). *See* ECF No. 28 at 2-8. The Government further proffered that Defendant's parents are likely witnesses in this matter and thus covered by the statute.

The Court has fully considered the file in this case; the Order Denying the United States' Motion for Detention, ECF No. 21; Defendant's Motion to Modify Conditions of Release, ECF No. 27; and the Response to Defendant's Motion to Modify Conditions [of] Pretrial Release, ECF No. 28.

The statute suggesting various pretrial release conditions the Court may impose provides in relevant part:

> In any case that involves a minor victim under section . . . 2251 . . . [and] 2252A(a)(2) . . . of this title [18] . . . **_any release order shall contain_**, at a minimum, a condition of electronic monitoring and **_each of the conditions specified at subparagraphs (iv), (v),_** (vi), (vii), and (viii).

18 U.S.C. § 3142(c) (emphasis added). Subparagraphs (iv) and (v) of 18 U.S.C. § 3142(c)(1)(B) provide a Defendant on pretrial release shall, if the specific conditions are imposed:

 (iv) abide by specified restrictions on personal associations, place of abode, or travel;

 (v) avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense;

18 U.S.C. § 3142(c)(1)(B)(iv), (v).

The Indictment charges Defendant with sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a), (e) and distribution of child pornography in

ORDER - 2

violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1). Accordingly, pursuant to the plain language of the statute as set forth above, this Court **_must_** impose a prohibition on Defendant's contact and association with all potential witnesses who may testify in this case. Here, the United States has proffered sufficient evidence to establish that Defendant's parents are "potential witness[es] who may testify concerning the offense" in this case. *See* ECF No. 28; 18 U.S.C. 3142(c)(1)(B)(iv), (v). As the Government sets forth in its the Response to Defendant's Motion to Modify Conditions [of] Pretrial Release, the Government proffers that text messages exist wherein Defendant is alleged to discuss her culpability in this case with her parents and sister and Defendant's parents "were initially confronted by the victim's sister and are therefore witnesses to that conversation as well." ECF No. 28 at 4. The Government therefore asserts that this information makes Defendant's parents potential witnesses. Based on the Government's proffers, Defendant's parents are indeed potential witnesses at trial.

With regard to the alcohol prohibition, as discussed during the hearing, the Court has clarified that alcohol may be present at Defendant's current residence and other people at that residence may consume alcohol. The prohibition on Defendant's consumption of alcohol remains in place.

The Court, finding good cause, **IT IS ORDERED:**

1. Defendant's Motion to Modify Conditions of Release, **ECF No. 27**, is **GRANTED IN PART and DENIED IN PART as follows:**

2. Condition No. 9 in the Order Denying the United States' Motion for Detention, ECF No. 21, is modified as follows:

> **(9) Defendant shall not associate with and shall have no contact of any kind with the alleged victim of the crimes in this case and Defendant shall not associate with and shall have no contact of any kind with any potential witnesses who may testify in this case concerning the offenses charged in this**

ORDER - 3

**case, including Defendant's parents.** Defendant shall generally have no contact whatsoever, direct or indirect, with any other persons Defendant knows or reasonably should know are or may become a victim or potential witness in the subject investigation or prosecution. Prohibited forms of contact include, but are not limited to, telephone, mail, email, text, video, social media, and/or any contact through any third person or parties.

3. Condition No. 13 in the Order Denying the United States' Motion for Detention, ECF No. 21, shall be modified as follows:

**(13) Alcohol Prohibition:** Defendant shall not use or possess any alcoholic beverage. Defendant's host family may have alcohol in the residence where Defendant resides so long as Defendant does not have access to the alcohol. Defendant shall not go to any establishment where alcohol is the primary item of sale. U.S. Probation shall be allowed to test for alcohol if they deem it necessary, until further order of the Court.

4. All other terms and conditions of pretrial release set forth in the Order Denying the United States' Motion for Detention, ECF No. 21, that are not inconsistent herewith shall remain in full force and effect.

5. If a party seeks reconsideration of Defendant's detention before this Court because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), any such motion shall be a maximum of four-pages in length and shall succinctly state what circumstances are new, how they are established, and the requested change in conditions of release. The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion objects, whether a hearing is desired, and whether a supplemental pretrial services report is requested. If the moving party, after the exercise of due diligence, is unable to determine the position of any party listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court

ORDER - 4

treat the motion as expedited and submitted without argument.  **Motions in Spokane cases shall be heard as set by the Spokane Magistrate Judge Courtroom Deputy.  Yakima cases shall be heard on the following Wednesday docket**, **and Richland cases shall be heard on the following Thursday docket.**  If the Court determines that oral argument is unnecessary on the motion, the motion shall be set for decision on the Court's 6:30 p.m. docket.

6. If a party desires that another court review this Order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington.  Both parties shall cooperate to ensure that the motion is promptly determined.

**IT IS SO ORDERED.**

DATED August 20, 2024.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 5