FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 21, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

ANDREA LEE CAMPOS-HERNANDEZ,

Defendant.

No. 2:24-CR-00082-TOR-1

ORDER DENYING
DEFENDANT'S MOTION
TO MODIFY CONDITION
OF PRETRIAL RELEASE

**MOTION DENIED**
**(ECF No. 48)**

Pending before the Court is Defendant ANDREA LEE CAMPOS-HERNANDEZ's Motion to Modify Condition of Pretrial Release. **ECF No. 48**. Defendant moves the Court to strike the pretrial release home detention condition set forth in the Order Denying the United States' Motion for Detention and impose a curfew condition. ECF No. 21 at 5 (Condition No. 16); ECF No. 48 at 2-3.[1]

United States Probation takes no position on Defendant's proposed pretrial release modification. The United States opposes the proposed modification and

---

[1] While Defendant asserts in her motion that she "has demonstrated to United States Probation and this Court that *her danger to the community can be reasonably assured with the less restrictive condition of a curfew*" the Court understands Defendant's contention to mean that a curfew condition would reasonably assure the safety of other persons or the community rather than increase any risk to the community. ECF No. 48 at 2-3 (emphasis added).

ORDER - 1

contends Defendant has failed to present any new information material to the issue of her risk of nonappearance or dangerousness to the community that would justify striking the home detention condition in favor of a curfew condition.  ECF No. 50.

The Court may modify conditions of pretrial release pursuant to 18 U.S.C. § 3142(c)(3).  Specifically, "[t]he judicial officer may at any time amend the order to impose additional or different conditions of release." *Id*.  The district court may also modify conditions of release on review of this Court's release order (or detention order) pursuant to 18 U.S.C. § 3145.

The Court has fully reviewed and considered Defendant's Motion to Modify Condition of Pretrial Release, **ECF No. 48**; the United States' Response to Defendant's Motion to Modify Conditions of Pretrial Release, ECF No. 50; the Order Denying the United States' Motion for Detention, ECF No. 21; the Order Granting in Part and Denying in Part Defendant's Motion to Modify Conditions of Release, ECF No. 30; the Order Denying Modification of Release Conditions, ECF No. 37; the Order Granting Defendant's Unopposed Motion to Modify Conditions of Release, ECF No. 39; the Status Report, ECF No. 40; the Indictment, ECF No. 1; and the case file generally.  Pursuant to 18 U.S.C. § 3142, the Court has also again considered:  1) the nature and circumstances of the offense charged; 2) the weight of the evidence against Defendant; 3) Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, and whether Defendant was under supervision at the time of the alleged offense; and, 4) the nature and seriousness of the danger to the community posed by Defendant's release.  *See* 18 U.S.C. § 3142(g).  The Court has also considered the applicable rebuttable presumption of detention pursuant to 18 U.S.C. § 3142(e)(3)(E).

ORDER - 2

Notably, Defendant has not presented any new information in support of her motion beyond the fact of her current compliance with the existing conditions of pretrial release.[2]  ECF No. 48 at 2-3.  While it is undisputed that Defendant appears to have complied with her conditions of pretrial release during the time the home detention condition has been in place, it does not follow that the home detention condition is then somehow unnecessary and superfluous.  Rather, based on the unique facts and circumstances of this case, the Court views the home detention condition as an essential pretrial release condition that imposes a minimum burden on Defendant while serving numerous positive supervision functions, to include the protection of the community, acting as a reminder to Defendant that she remains on pretrial supervision, imposing a check on Defendant's behavior and impulses, and reassuring the alleged victim in this case that Defendant is under appropriate supervision while in the community.

Accordingly, after full consideration of the factors and materials noted above, the Court continues to find the home detention condition to be an important and essential part of the overall combination of interlocking conditions of release necessary to reasonably assure both Defendant's appearance at future court proceedings and the safety of the community and any other person.  The Court rejects the view that Defendant's mere ability to follow pretrial release conditions means the release conditions should then continually be removed and relaxed over time until the point of noncompliance is reached, particularly in a case that

---

[2] New information or circumstances providing a potential basis for the modification of pretrial release conditions could include an employment opportunity, a health condition or procedure (such the procedure and recovery addressed in ECF No. 39), a housing issue, or a travel necessity, among other legitimate possibilities.

ORDER - 3

involves allegations of the sexual exploitation of a minor, distribution of child pornography, and the transfer of obscene material to a minor.  Indeed, in the Court's view, *the absence of a home detention condition in this case would favor Defendant's detention rather than Defendant's pretrial release* given the Court's obligation to fashion the "least restrictive . . . condition, or combination of conditions, that . . . [the Court] determines will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(c)(1)(B).  The least restrictive combination of release conditions are precisely the combination of release conditions currently in place as set forth in the various prior orders addressing and setting the conditions of Defendant's pretrial release.  ECF Nos. 21, 30, 37, 39.

Accordingly, **IT IS ORDERED:**

1.    Defendant's Motion to Modify Conditions of Release, **ECF No. 48,** is **DENIED.**

2.    <u>**Defendant shall file an updated Status Report by March 27, 2025 in relation to the Order Granting Defendant's Unopposed Motion to Modify Conditions of Release, ECF No. 39.**</u>  The Status Report shall address the status of her recovery from surgery and whether she still requires assistance from her parents.

**IT IS SO ORDERED.**

DATED March 21, 2025.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 4